UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMY VAN BLARCOM-LACKEY**<br>1212 Iron Mine Road<br>Troy, Pennsylvania 16947<br><br>*Plaintiff*,<br><br>v.<br><br>**CITIZENS & NORTHERN BANK**<br>90 Main Street,<br>Wellsboro, Pennsylvania 16901.<br><br>*Defendant.* | No.<br><br>JURY DEMANDED<br><br>CIVIL ACTION – LAW |

# CIVIL ACTION COMPLAINT

And now Plaintiff, Amy Van Blarcom-Lackey, by and through her undersigned counsel, files this Complaint alleging that her rights pursuant to the Americans with Disabilities Act of 1990, and avers as follows:

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, Ms. Blarcom-Lackey (hereinafter "Plaintiff" or "Blarcom-Lackey"), is an adult individual residing at the above address.

2. Defendant, Citizens & Northern Bank, (hereinafter "C&N" or "Defendant") is a regional bank and existing under the laws of the Commonwealth

of Pennsylvania, registered to do business in the Commonwealth of Pennsylvania, and with a principle place of business at the above address.

3. At all times material hereto, Defendant employed Ms. Blarcom-Lackey in Pennsylvania at the above captioned address and qualified as Ms. Blarcom-Lackey's employer under the Americans with Disabilities Act.

4. At all times material hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein within the course and scope of their employment with and for Defendant.

5. Ms. Blarcom-Lackey exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act. (See Exhibit "A," a true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission.)

6. This action is instituted pursuant to the Americans with Disabilities Act ("ADA").

7. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

8. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Ms. Blarcom-Lackey was working for

Defendant in the Middle District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

**II. Operative Facts.**

9.     Plaintiff, Amy Van Blarcom-Lackey, was employed by Citizens and Northern Bank ("Defendant") from approximately September 1, 2013, until the termination of her employment on or around October 2, 2023. During her tenure, Plaintiff held several positions, with her most recent title being VP, Senior Commercial Lending Relationship Manager.

10.     Plaintiff suffers from a Borrelia infection of the central nervous system and Myalgic Encephalomyelitis syndrome (also known as Chronic Fatigue Syndrome), conditions that significantly impair her major life activities including, but not limited to working, as these conditions negatively impact her cognitive functions, concentration, memory, physical stamina, and document analysis.

11.     Beginning in or around 2020, Plaintiff informed her supervisor about her medical difficulties caused by these conditions, which impacted her ability to analyze complex financial documents. Defendant acknowledged Plaintiff's disabilities and, as an accommodation, Plaintiff's supervisor agreed to assist with certain tasks, including document analysis, or to review Plaintiff's work. This accommodation arrangement continued without significant issues until February 2023.

12.     In February 2023, Plaintiff received an updated medical diagnosis regarding the severity and progression of her conditions. As a result, Plaintiff took a six-month medical leave, during which she continued to seek appropriate treatment for her Borrelia infection and Myalgic Encephalomyelitis syndrome.

13.     Prior to her anticipated return to work in August 2023, Plaintiff formally requested a reasonable accommodation in light of her updated diagnosis. This request included an accommodation plan similar to what had been in place before, which involved assistance with or adjustments to tasks that her conditions rendered challenging.

14.     On or about August 23, 2023, Defendant informed Plaintiff that her requested accommodation was denied on the grounds that it pertained to a critical job function. Plaintiff's existing accommodation, which had been successfully implemented by her supervisor, was summarily discontinued. Instead of exploring alternative accommodations or engaging in a meaningful interactive process, Defendant advised Plaintiff to apply for long-term disability benefits and proceeded to terminate her employment.

15.     Plaintiff's employment was officially terminated on or around October 2, 2023. Defendant's decision to terminate Plaintiff's employment was based on medical information that was outdated, inaccurate and which misrepresented Plaintiff's current medical condition and needs.

16. Defendant failed to engage in a good faith interactive process as required under the Americans with Disabilities Act (ADA) to identify and implement reasonable accommodations that would have allowed Plaintiff to continue performing the essential functions of her position.

17. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered significant economic harm, including lost wages, benefits, and career opportunities. Plaintiff has also endured severe emotional distress, exacerbation of her medical conditions, humiliation, and mental anguish due to Defendant's conduct.

**III. Causes of Action.**

## COUNT I
## TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT DISCRIMINATION
## (42 U.S.C.A. § 12101 et seq)

18. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

19. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not discriminate against an employee based on a disability.

20. Plaintiff is qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

21. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

22. At all times material hereto, Plaintiff had qualified disabilities, as described above.

23. Plaintiff's Borrelia infection of her central nervous system and Myalgic encephalomyelitis syndrome substantially limited one or more of her major life activities, including, sleeping, concentrating, caring for herself and working.

24. Defendant's conduct in terminating Plaintiff's is an adverse action, was taken as a result of her disabilities and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

25. Defendant failed to engage in an interactive discussion of Plaintiff's disabilities and failed to reasonably accommodate her disabilities.

26. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

27. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demand punitive damages.

28. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demand attorneys' fees and court costs.

## COUNT II-
## AMERICANS WITH DISABILITIES ACT FAILURE TO ACCOMMODATE
## (42 U.S.C.A. § 12101 et seq)

29. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

30. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., an employer may not discriminate against an employee based on a disability.

31. Ms. Blarcom-Lackey is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

32. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

33. At all times material hereto, Ms. Blarcom-Lackey has a qualified disability, as described above.

34. Ms. Blarcom-Lackey's Borrelia infection of her central nervous system and Myalgic encephalomyelitis syndrome substantially limited the major life activities of sleeping, concentrating, caring for herself and working.

35. Ms. Blarcom-Lackey's remained qualified to perform her essential job functions with or without a reasonable accommodation.

36. Ms. Blarcom-Lackey's Borrelia infection of her central nervous system and Myalgic encephalomyelitis syndrome are both qualifying disabilities under the Americans with Disabilities Act ("ADA").

37. Defendant's conduct in refusing to provide Ms. Blarcom-Lackey with reasonable accommodations for her disability after receiving notice of said disability constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

38. Defendant failed to engage in the interactive process after Ms. Blarcom-Lackey told Defendant that she needed medical accommodations.

39. Defendant failed to reasonably accommodate Ms. Blarcom-Lackey's disability.

40. As a proximate result of Defendant's conduct, Ms. Blarcom-Lackey has sustained significant damages, including but not limited to: emotional distress, mental anguish, humiliation, pain and suffering, and consequential damages.

41. As a result of the conduct of Defendant's owners/management, Ms. Blarcom-Lackey hereby demands punitive damages.

42. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., Ms. Blarcom-Lackey demands attorneys' fees and court costs.

## COUNT III
## TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT RETALIATION
## (42 U.S.C.A. § 12101 et seq)

43. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

44. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not retaliate against an employee based on her exercising her rights under the Americans with Disabilities Act.

45. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

46. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

47. As set forth above, Plaintiff engaged in protected activity when she requested accommodations for her disability.

48. Defendant failed to engage in the interactive process after Plaintiff told Defendant that she needed medical accommodations.

49. Following Plaintiff's departure, Defendant sought to enforce a non-compete clause against Plaintiff in retaliation for her request for accommodations and subsequent protected activity.

50. The enforcement of the non-compete clause was not based on legitimate business interests but rather as a means to interfere with Plaintiff's ability to secure future employment, further compounding the economic and emotional harm caused by Defendant's prior discriminatory actions.

51. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages, and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity, and a claim is therefore made for equitable relief.

52. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

53. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, Plaintiff demands attorneys' fees and court costs.

**COUNT IV**
**VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT**
**DISABILITY DISCRIMINATION**
**(43 P.S. § 951, et seq.)**

54. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

55. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq, an employer may not discriminate against an employee as a result of that employee's disability.

56. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

57. Defendant is Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

58. Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

59. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity and a permanent diminution of her earning power and capacity and a claim is made therefore.

60. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorney's fees and court costs.

**COUNT V**
**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**

## RETALIATION
## (43 P.S. § 951, et. seq.)

61. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

62. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., an employer may not retaliate against an employee as a result of that employee engaging in protected activity.

63. Ms. Lackey is a qualified employee and person within the definition of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

64. Defendant is Ms. Lackey's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

65. Defendant's termination of Ms. Lackey's employment constituted retaliation for her engaging in the protected activity of requesting leave and accommodations for her disability, and therefore was in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

66. Further, Defendant's enforcement or attempted enforcement of a non-compete agreement against Ms. Lackey was retaliatory, as it was intended to inhibit her ability to secure alternative employment after engaging in the protected activity of requesting accommodations for her disability. This action further violated the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

67. As a proximate result of Defendant's conduct, Ms. Lackey sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages, and Ms. Lackey has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity, and a claim is made therefore.

68. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Ms. Lackey demands attorneys' fees and court costs.

**WHEREFORE,** Plaintiff, Amy Van Blarcom-Lackey, demands judgment in her favor and against Defendant, Citizens & Northern Bank, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

B. Punitive damages;

C. Attorneys' fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: */s/ Mary LeMieux-Fillery, Esquire*

                                      **MARY LEMIEUX-FILLERY, ESQUIRE**
                                      (PA I.D. 312785)
                                      Two Penn Center
                                      1500 JFK Boulevard, Suite 1240
                                      Philadelphia, PA 19102
                                      Ph: 267-546-0132
                                      Fx: 215-944-6124
                                      *Attorney for Plaintiff,*
                                      *Amy Van Blarcom-Lackey*

Date: November 22, 2024

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S. § 4904, relating to unsworn falsification to authorities.

11/22/2024
_____
(Date Signed)

_____
Amy Van Blarcom-Lackey